Bradlee R. Frazer, ISB No. 3857
D. John Ashby, ISB No. 7228
William K. Fletcher, ISB No. 7950
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5200
Email:  bfrazer@hawleytroxell.com
         jashby@hawleytroxell.com
         wfletcher@hawleytroxell.com

Attorneys for Plaintiff
BODYBUILDING.COM, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BODYBUILDING.COM, LLC, a Delaware Limited Liability Company,<br><br>          Plaintiff,<br><br>vs.<br><br>PhD FITNESS, LLC, a California Limited Liability Company; JIM STOPPANI, an Individual,<br><br>          Defendants. | CASE NO.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Bodybuilding.com, LLC, a Delaware limited liability company, by and through its attorneys of record, Hawley Troxell Ennis & Hawley LLP, complains and alleges as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## I.  PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Bodybuilding.com, LLC ("Bodybuilding.com") is a Delaware limited liability company, with its principal place of business in Boise, Idaho.

2. Defendant PhD Fitness, LLC ("PhD Fitness") is a California limited liability company, with its principal place of business in Thousand Oaks, Ventura County, California.

3. Defendant Jim Stoppani ("Stoppani") is a citizen and resident of Los Angeles County, California.  PhD Fitness and Stoppani are referred to collectively herein as "Defendants."

4. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), because this litigation arises under federal law, namely 15 U.S.C. §§ 1051, et seq. (the Lanham Act); jurisdiction is also proper pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and 28 U.S.C. § 1367 (supplemental jurisdiction).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 2201 (Declaratory Judgment Act).

5. This Court has personal jurisdiction over Defendants because Defendants, on information and belief, conduct business in the state of Idaho, including advertising and offering products and services to residents of the state of Idaho and purposefully availing themselves of the laws and protections of the state of Idaho.  The Court also has personal jurisdiction over Defendants because Defendants expressly agreed to venue in this judicial district for any action involving the parties to this proceeding.  Venue is proper pursuant to 28 U.S.C. § 1391.

## II.  GENERAL ALLEGATIONS

6. Bodybuilding.com operates an online retail store and mobile apps through which consumers in over 120 countries purchase dietary supplements, clothing, food, exercise

equipment and related goods.  Bodybuilding.com also operates a digital media publishing business and produces digital articles, photos, videos, advertising and other fitness-related content.

7. Stoppani is a celebrity product endorser and a personal fitness, health, and nutrition enthusiast.  He also is a principal of PhD Fitness.

8. PhD Fitness is a company used by Stoppani in the course of his celebrity endorsement, personal fitness, health, and nutrition work.

9. In or around March 2013, Bodybuilding.com set about to identify and develop a new trademark for use in connection with a new line of dietary supplements.  Working independently, Bodybuilding.com created the mark JYM for use in connection with such products.

10. Bodybuilding.com's plan and intention was that its JYM-branded products would be endorsed and promoted by Stoppani, but manufactured and sold exclusively by Bodybuilding.com through its online retail store located at www.bodybuilding.com and mobile apps.

11. To that end, Bodybuilding.com entered into negotiations with Defendants.  On May 17, 2013, the parties entered into a Development Agreement respecting the development, marketing, and sale of products bearing the JYM mark that Bodybuilding.com created and which Stoppani would endorse with his name and likeness.  Per the Development Agreement, Bodybuilding.com agreed to pay PhD Fitness a flat-fee royalty for each sale of a JYM-branded product.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

12. Pursuant to the Development Agreement, Bodybuilding.com developed a line of dietary supplements bearing the JYM mark.

13. On or about July 19, 2013, Bodybuilding.com commenced use of the JYM mark in interstate commerce, by affixing the JYM mark to dietary supplements and offering those products manufactured by Bodybuilding.com for sale on the Bodybuilding.com website to customers worldwide. Bodybuilding.com's online retail store was the sole and exclusive place of purchase for JYM-branded products, a fact made clear on the website. By its actions, Bodybuilding.com successfully taught consumers that it was the sole source of the JYM-branded products.

14. Bodybuilding.com acquired substantial goodwill through the sale of JYM-branded products through its exclusive point of sale. Bodybuilding.com spent significant sums of money developing and advertising JYM-branded products as available exclusively through the Bodybuilding.com website, and generated substantial sales of JYM-branded products.

15. At no time prior to July 19, 2013, did PhD Fitness or Stoppani utilize or affix the JYM mark to any product or packaging, offer for sale, sell, or perform any service utilizing the JYM mark in interstate commerce, or otherwise use the JYM mark in commerce.

16. Neither PhD Fitness nor Stoppani originated, created, or developed the JYM mark. To the contrary, Bodybuilding.com alone originated, created, and developed the JYM mark. Defendants acknowledged that fact throughout their relationship with Bodybuilding.com. For example, in July 2013, a PhD Fitness representative referred to "the moment JYM came to life" as the occasion when a Bodybuilding.com employee "turned his computer around" and showed PhD Fitness the JYM mark and logo. Stoppani further commented that, up until that

point, "I had not even seen the JYM logo or even the concept that [Bodybuilding.com] had sketched out, but all I heard all day from [a fellow PhD Fitness representative] was how brilliant the concept was that [Bodybuilding.com] had come up with."

17. Based on the above facts, on or before July 19, 2013, Bodybuilding.com acquired trademark rights in the JYM mark. Bodybuilding.com has not assigned its rights to the JYM mark, nor has it assigned any goodwill associated with the JYM mark. As a result, Bodybuilding.com continues to own the JYM trademark.

18. At all times, Bodybuilding.com has owned the JYM mark and possessed the exclusive right to use the JYM mark in commerce.

19. The Development Agreement expired on May 17, 2016, subject to certain provisions that survive expiration of the Development Agreement.

20. On April 19, 2016, counsel for PhD Fitness sent Bodybuilding.com a letter disputing Bodybuilding.com's ownership of the JYM mark, and asserting that PhD Fitness owns the JYM mark. In this letter, counsel for PhD Fitness asserted that Bodybuilding.com's right to use the JYM mark would terminate on May 17, 2016, and that PhD Fitness "will hold Bodybuilding.com liable for all damages" in connection with Bodybuilding.com's use of the JYM mark after that date.

21. On May 17, 2016, PhD Fitness sent Bodybuilding.com another letter, expressing PhD Fitness' belief that it retained all JYM trademarks and demanded that Bodybuilding.com no longer manufacture or cause to be manufactured any product bearing the JYM trademark.

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

## III.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment)**

22. Bodybuilding.com realleges the preceding paragraphs as if set forth fully herein.

23. As a result of Bodybuilding.com's origination and development of the JYM mark and Bodybuilding.com's use of the same in interstate commerce as prescribed by 15 U.S.C. § 1127, Bodybuilding.com is the exclusive owner of the JYM mark.

24. Defendants dispute Bodybuilding.com's claim of ownership of the JYM mark, and instead claim that Defendants own the JYM mark, in direct contravention of Bodybuilding.com's established ownership right.  Based upon their erroneous claim of ownership of the JYM mark, Defendants have also threatened to "hold Bodybuilding.com liable for all damages" arising out of Bodybuilding.com's continued use of the JYM mark.

25. Thus, an immediate, real, and justiciable controversy exists between Bodybuilding.com, on the one hand, and Defendants, on the other hand, with respect to the ownership of and right to use the JYM mark.

26. Bodybuilding.com seeks a declaratory judgment that it is the sole owner of the JYM mark and that, as between Bodybuilding.com and Defendants, Bodybuilding.com possesses the exclusive right to use the JYM mark in connection with health and fitness products.

### SECOND CLAIM FOR RELIEF

**(Cancellation of U.S. Trademark Registration No. 4,561,658 (15 U.S.C. §§ 1092 & 1119))**

27. Bodybuilding.com realleges the preceding paragraphs as if set forth fully herein.

28. Pursuant to 15 U.S.C. § 1051(a)(1), only the owner of a trademark used in commerce may request registration of its trademark with the United States Patent and Trademark Office.

29. Defendants do not own the JYM mark.  To the contrary, the JYM mark is owned by Bodybuilding.com.

30. Despite the fact that it does not own the JYM trademark, PhD Fitness filed an application, on or around December 20, 2013, that resulted in U.S. Trademark Registration No. 4,561,658 for the claimed mark JYM SUPPLEMENT SCIENCE in connection with nutritional supplements.

31. The phrase JYM SUPPLEMENT SCIENCE incorporates the JYM mark that is owned by Bodybuilding.com.

32. PhD Fitness has no protectable trademark rights in JYM SUPPLEMENT SCIENCE when used in connection with nutritional supplements.  On information and belief, PhD Fitness has never used the claimed mark JYM SUPPLEMENT SCIENCE in connection with dietary supplements; on the contrary, as between Bodybuilding.com and Defendants, the only party that has used (and the only party that has the right to use) any JYM mark in connection with dietary supplements is Bodybuilding.com.

33. Bodybuilding.com believes that it will be damaged by the above-identified registration.  Accordingly, Bodybuilding.com requests that the Court order cancellation of U.S. Trademark Registration No. 4,561,658 pursuant to 15 U.S.C. §§ 1092 and 1119.

34. In addition to cancellation, PhD Fitness' false and/or fraudulent representations made to procure U.S. Trademark Registration No. 4,561,658 entitle Bodybuilding.com to damages under 15 U.S.C. § 1120 in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin (15 U.S.C. § 1125(a))

35. Bodybuilding.com realleges the preceding paragraphs as if set forth fully herein.

36. As a result of Bodybuilding.com's creation and development of the JYM mark and Bodybuilding.com's use of the same in interstate commerce, Bodybuilding.com is the exclusive owner of the JYM mark.

37. Defendants, without the permission or consent of Bodybuilding.com, have advertised and sold to the public products and services (the "Infringing Products and Services") under the JYM mark or under a mark that is confusingly similar to the JYM mark.

38. Defendants' unauthorized use of the JYM mark is likely to cause confusion, or to cause mistake, or to deceive, including without limitation as to the origin, sponsorship, or approval of Defendants' products and services, in violation of 15 U.S.C. § 1125(a).

39. The foregoing acts by Defendants have been willful, intentional, and in disregard of Bodybuilding.com's rights

40. Bodybuilding.com has been damaged and is currently being damaged by Defendants' actions, in an amount to be proven at trial.

41. Bodybuilding.com's injuries, including damage to its goodwill, will continue unless injunctive relief is granted. Bodybuilding.com is entitled to temporary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement (Idaho Code § 48-512))

42. Bodybuilding.com realleges the preceding paragraphs as if set forth fully herein.

43. As a result of Bodybuilding.com's origination and development of the JYM mark and Bodybuilding.com's use of the same in interstate commerce, Bodybuilding.com is the exclusive owner of the JYM mark.

44. Defendants, without the permission or consent of Bodybuilding.com, have advertised and sold to the public products and services (the "Infringing Products and Services") under the JYM mark or under a mark that is confusingly similar to the JYM mark.

45. Defendants' unauthorized use of the JYM mark is likely to cause confusion, or to cause mistake, or to deceive, including without limitation as to the origin, sponsorship, or approval of Defendants' products and services.

46. The foregoing acts by Defendants have been willful, intentional, and in disregard of Bodybuilding.com's rights

47. Bodybuilding.com has been damaged and is currently being damaged by Defendants' actions, in an amount to be proven at trial.

48. Bodybuilding.com's injuries, including damage to its goodwill, will continue unless injunctive relief is granted.

## IV.  JURY TRIAL DEMANDED

49. Bodybuilding.com demands a jury trial on all triable issues.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bodybuilding.com prays for entry of judgment against Defendants as follows:

1. A declaratory judgment that Bodybuilding.com is the sole owner of all right, title and interest in the JYM mark;

2. Cancellation of U.S. Trademark Registration No. 4,561,658;

3. Damages in an amount to be proven at trial;

4. For a temporary and preliminary injunction enjoining Defendants and those acting in privity or concert with Defendants from the unauthorized marketing, advertising, and selling of Infringing Products and Services using the JYM mark or a mark that is substantially or confusingly similar to the JYM mark, until the Court has decided the merits of this action;

5. For a permanent injunction enjoining Defendants and those acting in privity or concert with Defendants from the unauthorized marketing, advertising, and selling of Infringing Products and Services using the JYM mark or a mark that is substantially or confusingly similar to the JYM mark;

6. For costs and attorney fees incurred by Bodybuilding.com in prosecuting this action; and

7. For such other and further relief as the Court deems just and proper.

DATED THIS 22nd day of June, 2016.

        HAWLEY TROXELL ENNIS & HAWLEY LLP


By  */s/ D. John Ashby*
    D. John Ashby, ISB No. 7228
    Attorneys for Plaintiff
    BODYBUILDING.COM, LLC

COMPLAINT AND DEMAND FOR JURY TRIAL - 11