UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BODYBUILDING.COM, LLC, a Delaware Limited Liability Company,<br><br>     Plaintiff<br><br>     v.<br><br>PhD FITNESS, LLC, a California Limited Liability Company; JIM STOPPANI, an Individual,<br><br>     Defendants. | Case No. 1:16-CV-00271-EJL-CWD<br><br>**MEMORANDUM DECISIONS AND ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiff's Motion to Dismiss Defendants' First and Second Counterclaim. (Dkt. 20.) The parties filed responsive briefing and the motion is now ripe. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff, Bodybuilding.com, operates an online retail store and various mobile applications through which consumers can purchase dietary supplements, apparel, food, exercise equipment, and other fitness-related goods. (Dkt. 1, 20.) Plaintiff operates a digital media

---

[1] The following facts are those that are undisputed by the parties as ascertained by the Court in reading the pleadings and motion practice thus filed. The Court recognizes that there is some facts in dispute.

**ORDER - 1**

publishing business and produces articles, photos, videos, advertising, and other fitness-related content. (Dkt. 1, 20.) Defendant, Jim Stoppani ("Stoppani"), is an internationally-known nutrition and dietary supplement expert. (Dkt. 25.) Defendant, PhD Fitness, LLC, is Stoppani's company that is used in connection with his business. (Dkt. 20, 25.)

Plaintiff and Defendants entered into and signed a Development Agreement on May 17, 2013 (Dkt. 1, 20, 25.) The Development Agreement was a 36 month contract governing the development, marketing, and sale of products bearing the JYM mark. (Dkt. 1, 20.) Under the Development Agreement, Stoppani received royalty payments from Plaintiff for all products Plaintiff sold with the JYM mark. (Dkt. 25.) On or about July 19, 2013, Plaintiff commenced use of the JYM mark by affixing it to dietary supplements and offering those for sale on its website. (Dkt. 1.)

Prior to the Development Agreement's expiration, on April 19, 2016, Defendants' counsel sent a letter to Plaintiff asserting that Defendants owned the JYM mark and that Plaintiff's right to use the mark would terminate with the expiration of the Development Agreement. (Dkt. 20.) On May 17, 2016, the date the Development Agreement expired, Defendants' counsel sent a second letter claiming ownership of the mark and demanding Plaintiff cease manufacturing any products bearing the mark. (Dkt. 20, 25.)

On June 22, 2016, Plaintiff filed its Complaint in this matter seeking declaratory relief; cancellation of Defendants' trademark registration for the JYM mark; and asserting claims under the Lanham Act and Idaho law. (Dkt. 1.) On July 14, 2016, Defendants filed its Answer, Affirmative Defenses and Counterclaims. (Dkt. 14.) Plaintiff filed their Motion to Dismiss Defendants' First and Second Counterclaims under Rule 12(b)(6), which the Court now takes up. (Dkt. 20.)

**ORDER - 1**

## STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. Rule 12(b)(6) provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Courts inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

A motion to dismiss will only be granted if the complaint fails to allege enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citations omitted). A judgment on the pleadings may be granted only when it appears beyond a doubt that the claiming party can prove no set of facts in support of his claim which would entitle him to relief. *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.,* 132 F.3d 526, 529 (9th Cir. 1997)(internal quotations and citations omitted).

When deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). A judgment on the pleadings is appropriate when, taking all the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law. *Milne ex rel.*

**ORDER - 1**

*Coyne v. Stephen Slesigner, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005); *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). Although we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *Caviness v. Horizon Comm. Learning Cent., Inc.,* 590 F.3d 806, 811-12 (9th Cir.)(citation omitted).

## DISCUSSION

Defendants' first and second counterclaims allege that Plaintiff has violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),[2] Idaho Code § 48-512,[3] and Idaho common law

---

[2] 15 U.S.C. § 1125(a) provides: "(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of facts, which—(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

[3] Subject to the provisions of section 48-516, Idaho Code, any person who shall:

(1) Use, without the consent of the registrant, any reproduction, counterfeit, copy or colorable imitation of a mark registered under this act in connection with the sale, distribution, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services; or

(2) Reproduce, counterfeit copy or colorably imitate any such mark and apply such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in this state of such goods or services, shall be liable in a civil action by the registrant for any and all of the remedies provided in section 48-514, Idaho Code, except that under this subsection the registrant shall not be entitled to recover profits or damages unless the acts have been committed with the intent to cause confusion or mistake or to deceive.

I.C. § 48-512.

**ORDER - 1**

trademark infringement by continuing to advertise and sell products and services under the JYM mark to the public without Defendants' permission or consent after the expiration of the Development Agreement on May 17, 2016. (Dkt. 14.) Defendants claim that Plaintiff's conduct constitutes an unauthorized use of the JYM mark that is "likely to cause confusion, or to cause mistake, or to deceive, including, without limitation, as to the origin, sponsorship, or approval of [Defendants'] products and services." (Dkt. 14.)

Plaintiff argues Defendants' counterclaims should be dismissed under Rule 12(b)(6) because under Sections 8.2 and 20 of the Development Agreement Defendants granted Plaintiff a "worldwide, royalty-free, perpetual license to use [the JYM] mark." (Dkt. 20.) Plaintiff contends that as a license user of the JYM mark, it cannot be found to have violated the Lanham Act, I.C. § 48-512, or Idaho common law as Defendants allege and that its continued use of the JYM mark in the sale of JYM products is within the scope of the license granted to it which survives the expiration of the Development Agreement. (Dkt. 20.)

Defendants counter that they own the JYM mark and only granted Plaintiff a right to use the JYM mark on products it sold, which ended with the expiration of the Development Agreement. Defendants maintain that Plaintiff's continued use of the JYM in selling products without its consent is beyond the right it was granted in the Development Agreement. (Dkt. 25.)

Alternatively, Plaintiff argues that Defendants' second counterclaim under I.C. § 48-512 fails "because Defendants have not alleged ownership of a *registered* trademark, which is a prerequisite for the application of that section." (Dkt. 20.) Defendants argue that "even if Idaho's statutory scheme requires registration to pursue a statutory claim, it expressly provides that

**ORDER - 1**

'[n]othing herein shall adversely affect the rights or the enforcement of rights in marks acquired in good faith and any time in common law.'" (Dkt. 25.). Thus, Defendants argue the Court should construe their claim as one under common law. (Dkt. 25.)

The Court finds that Defendants have stated a plausible claim under the Lanham Act and under Idaho common law taking the facts as true and construed in the light most favorable to them as the non-moving party. Defendants' interpretation of the Development Agreement, when read in its entirety is that it "intended to emphasize that Stoppani retained ownership of certain intellectual property, including the JYM mark and name, and to ensure that Bodybuilding.com did not have to pay a separate royalty to use that intellectual property." (Dkt. 25.) Plaintiff disagress with that interpretation arguing Section 8.2 gave it worldwide, royalty-free, perpetual license to use [the JYM] mark." (Dkt. 20, 27.)

Section 8.2 provides:

> Company shall own and have all rights of ownership to trademarks and trade names provided by Company by use with Products ("Company's Intellectual Property"). Company grants Bodybuilding.com a royalty-free, worldwide right to use Company's Intellectual Property for Products.

In response, Defendants point to other sections,[4] which it argues shows no right to use the JYM mark survived the expiration of the Development Agreement. Defendants assert the

---

[4] Section 20 provides:
> The provisions of sections 8, 9, 10, 11, 12, 13, 14, 15, and 17 shall survive termination or expiration of this Agreement.

Section 3.3 provides (in pertinent part):
> Company grants Bodybuilding.com the exclusive right and consent to use the Trademarks provided by Company or co-developed with Bodybuilding.com, subject to the terms of this Agreement.

Section 3.5.1 provides:

**ORDER - 1**

Plaintiff's interpretation, granting it a perpetual and royalty-free license with the "right to manufacture and distribute JYM products" while leaving Defendants with nothing, is an absurd and unreasonable result. (Dkt. 25.) Defendants contend this interpretation leaves the Plaintiff in a better position than under the Development Agreement because the only change is it no longer has to pay Defendants the monthly royalty payment. (Dkt. 25.) Plaintiff maintains that its interpretation of Section 8.2 is reasonable and not inconsistent with the remainder of the Development Agreement. Having reviewed the pleadings, the Development Agreement, and record herein, the Court finds Defendants have alleged facts which, if true, state a plausible claim for relief under the Lanham Act and/or Idaho common law trademark infringement. Defendants' contract interpretation is reasonable and plausible given the facts alleged in their pleading and the record currently before the Court. Therefore the Motion to Dismiss is denied as to the Lanham Act and Idaho common law.

---

> During the term of this Agreement, Bodybuilding.com will hold the exclusive right to have the Products manufactured, subject to the provisions of this Agreement or unless Bodybuilding.com otherwise agrees in writing.

Section 4.1 provides:
> Bodybuilding.com will pay Company a monthly royalty from the sale of Products, based on the specific terms and amounts provided in a numbered and separately signed addendum for each product developed and sold under this Agreement . . .

Section 6.3 provides:
> Bodybuilding.com shall have the right to sell through remaining Product inventory upon termination of this Agreement by either party for any reason. Bodybuilding.com shall pay the applicable royalty to Company for the Products in inventory sold as agreed in this Section 6.3.

**ORDER - 1**

The Court finds that neither party has a plausible claim under Idaho Code § 48-512 because it requires a "registered" trademark to recover for trademark infringement. Neither party has alleged that the JYM mark is "registered" in its pleadings. Therefore, the Motion to Dismiss is granted as to any claim brought under Idaho Code § 48-512.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss (Dkt. 20.) is **DENIED IN PART and GRANTED IN PART** as stated herein.

DATED: March 15, 2017

Edward J. Lodge
United States District Judge

**ORDER - 1**